Judge Graham
'delivered the opinion of the Court;
Th® note of Jennison was executed by h'iM for {tie ■pú-p&sé of raising money for his use, atod Leather’s and LoO'dihatj endorsed it for his accommod'ati-óri áló'nb; Not having been paid at maturity, it is attempted in this- *65 suit to make Leathers liable as indorser. The note is dated 22d August, 1820, payable at the office of discount and deposit of the United States Bank at Cincinnati, sixty days after date. By the laws of Ohio, (the place where this note was made and payable,) it is enacted that a demand made of the maker, drawer, or obligor, (of such a note as the one which is the foundation of this suit,) at the time when the note shall become-due, or within a reasonable time thereafter, shall be adjudged due diligence, (fee.
The protest of & domestic bill of exchange is not required by law, nor is a certificate of a notary of such protest evidence of itself of'dishonor.
The proof in this case, relied on as evidence of a demand, consists solely.-of a protest of’a Notary Public, copied into the.record,. which states, in the usual form of such documents, that on the 24th October, -1820, he attended -at the Bank and demanded.payment of the note, and no payment was made, (fee.. • The Notary’s ■ deposition is taken, and he proves', not that he made a demand, but merely that the paper (the protest) attached to his deposition is-his notarial protest, and that he gave notice, in writing, of the non-payment of the note to the endorsers.
It has been decided by-this Court, in Taylor vs Bank of Illinois, (7 Mon. 577,) and Whiting vs Walker, (2 Ben. Monroe 262,) that such a protest on a domestic bill of exchange, is superfluous, unauthoritative, and no proof of the alleged dishonor of the bill. It cannot be regarded as any proofof the dishonor or non-payment of this note. But it is attempted to make Leathers liable upon an alleged promise to pay made by him, within less than five years before the commencement of this suit in 1834, There is some evidence that Leathers was informed of the state of facts as presented by the Bank books, before he made the promise relied on, but there is no proof that he was apprised of the fact that he was released by the failure of the plaintiffs to take the steps necessary to make him liable. He is shown to have been, at the time of the endorsement, and was afterwards, a resident of Kentucky, and may possibly have supposed that by *66 th eOhio laws he would be responsible. A promise made by an endorser, in ignorance of the fact that he was not bound by the endorsement, has often been held to be-without consideration and not binding. The promise certainly is not made more binding, in this case, by the fact Leathers, at the time he made the promise,.'
Ápromisp by an ranceSoftbe1Sfa°t SonhfromXnablKiy is not binding.
J. T. Morehead and L. Hord for plaintiff; J. Sf Wr L. Harlan for defendant. • • ''
was released by lapse of time, ten years at least having intervened between the time when the note fell due and the time of the supposed promise.
Not perceiving any error in the proceedings of the Circuit Court, the judgment is 'affirmed.