CASE 56—PETITION ORDINARY—JANUARY 12.

# Citizens' Savings Bank v. Hays, &c.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. NEGOTIABLE INSTRUMENTS—PROTEST.—While protest of a domestic or inland bill of exchange is not necessary, the drawer is entitled to notice of non-payment, and a protest is not evidence of such notice.

2. NOTICE OF DISHONOR given to any one of several partners is notice to the firm.

3. SAME.—Where a bill was drawn for partnership purposes in the name of one of two partners, his name being used as the firm name, the other partner being cashier of the bank which discounted the paper, the notice of non-payment, which he had by reason of his position as cashier, was notice to the firm, and no other notice was required.

R. S. TODD FOR APPELLANT.

1. The bill in suit was an inland bill of exchange which is not required to be protested.

2. Even if it was necessary to have the bill protested the appellee can not complain that this was not done promptly, because the delay was due to the fraud or negligence of the appellee Moore, who was the cashier of and notary public for the appellant bank, whose duty it was to have the bill protested, and he can not now be heard to complain of any failure or neglect on his part. Neither will the appellee Hays be heard to complain as he was the partner of Moore, and bound by his acts and omissions.

3. The facts alleged show that Moore had immediate knowledge and notice of the dishonor of the bill as soon as it occurred, and it is a well settled rule of the law-merchant that in case of a partnership notice to

    any one partner is notice to the firm. (Daniel on Negotiable Instruments, vol 2, secs. 999 and ¶ 99 *a.*)

4. Although the bill in suit was drawn and indorsed in the name of J. D. Hays it was, under the allegations of the amended petition, a partnership obligation upon which the appellees are both bound. (Carter v. Mitchell, Ass'ee, &c., 15 Ky. Law Rep., 53.)

POWERS & ATCHISON for appellees.

No brief in record.

CHIEF JUSTICE PRYOR delivered the opinion of the court.

The Citizens' Savings Bank at Owensboro, Kentucky, discounted a bill of exchange for five hundred and forty-five dollars and thirty-five cents, dated 21st of February, 1890, and due in six months, drawn by J. D. Hays on Samuel B. Howard, who accepted the paper, and endorsed by Hays, to whom the bill was made payable. On the 24th of September, 1890, one month after the paper had matured, it was protested by W. H. Moore, a notary public, and at the time cashier of the bank. The bank instituted its action on the bill against Howard, the acceptor, and Hays, the drawer, and obtained judgment against Howard, but Hays defended upon the ground that no notice had been given of the dishonor of the paper, the only evidence of that fact being the protest exhibited with the petition, and dated one month after the maturity of the bill.

It is contended by the appellants, a demurrer having been sustained to the petition, that as the paper is a domestic or inland bill, it was not required that it should be protested for non-payment, and while we concur in this view of the case, it is plain the drawer was entitled to notice of the non-payment of the paper, and there being no diligence on the part

of the bank, or at least nothing upon the face of the original petition that would excuse this want of diligence, a demurrer, if it had been filed in time, should have been sustained to that pleading. The appellant, the bank, amended its petition, and the court below sustaining a demurrer to the petition as amended, the sole inquiry here is, did the petition, as amended, present a cause of action.

It is alleged in the amended petition that the defendant Hays, the drawer of the bill, was the agent of the Mutual Life Insurance Company, and that company, under an agreement with him, allowed as compensation sixty-five per cent. on the amount of the first premium paid on each life policy, solicited and secured by him. It is then alleged that Moore, the cashier of the plaintiff, formed a partnership with Hays, by which the two were to solicit patronage for their principal, or for the company of which Hays was the agent, and divide the profits. That they were to pay the discount on acceptances taken for first premiums, and divide the brokerage earned in the business equally between them, the business to be conducted in the name of J. D. Hays alone, as he was the commissioned agent. It is further averred that when a life policy was about to be issued, and the party unable to pay the premium, the two, Moore and Hays, would take the acceptance of the parties and discount the paper, and when paying the discount, divide the commission between them. That they procured Howard to obtain a policy, the cash premium being the amount of the bill in controversy, and for the payment of which it was accepted by

Howard and discounted by Hays, who divided the commission with Moore.

Moore is made a defendant by this amended petition, and sought to be made liable with Hays on this paper on the ground that its endorsement by Hays was in execution of the joint business, and although in his individual name was done in pursuance of an agreement that the business should be conducted in that manner.

From the facts appearing in the amended petition, i\ true, and they must be so regarded on demurrer, it is plain to us that Moore and Hays are liable on this bill, and as Moore was the cashier of the bank at the time the bill was discounted and when it matured, the law will presume he had notice at once of the non-payment. "A notice of dishonor," says Mr. Daniel in his work on Negotiable instruments, "to any one partner is notice to the firm." (Section 999.)

The bank, if the facts alleged are established, must have relied on Moore, the partner of Hays, to take such steps as would hold the parties to the bill bound for its payment, and, under the impression that a protest would be evidence sufficient to charge the indorser, had the paper protested one month after it became due; and while, as to mere inland or domestic bills, the protest could not be regarded as evidence, even if protested at the proper time, still the drawer and indorser was entitled to notice, and Moore, being cashier of the bank, it was his duty to give it; but Moore himself being the drawer of the paper as well as Hays, and interested as a partner in the business of soliciting premiums, and authorized to

discount paper for the two in the name of J. D. Hays, there was no reason for a notice, as Moore knew the date the paper matured and the fact of its non-payment.

The petition as amended presented a cause of action, and the demurrer should have been overruled. Reversed and remanded that this may be done.