CASE 27—ACTION ON BILL OF EXCHANGE—MARCH 5.

# Murphey v. Citizens Sav. Bank of Owensboro.

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT, JOHN MURPHEY, APPEALS. AFFIRMED.

BILLS AND NOTES—FAILURE TO PROTEST INLAND BILL—NOTICE OF NON-PAYMENT—RENEWAL BY INDORSER OF BILL FROM WHICH HE HAD BEEN RELEASED.

Held:  1. While the indorser of an inland bill of exchange is entitled to notice of its non-payment, no protest is required.
2. The indorser of an inland bill of exchange executed in renewal of a previous bill can not escape liability on the ground that he had

been released from liability on the previous bill by the failure to give him notice of its non-payment, as he must have known that fact when he renewed the bill.

WALKER & SLACK, ATTORNEYS FOR APPELLANT.

### SYNOPSIS AND AUTHORITIES.

Appellant was sued upon several bills of exchange upon which he was accommodation endorser. He pleaded that the bills in suit originated in loans by appellee, to his principal, several renewals having been made. That appellee had failed to protest some of the original bills as required, and he had been released. That one of the bills had been materially altered after he signed, and without his knowledge or consent, but with knowledge and consent of appellee. That appellee knew the facts in regard to his having been released from liability, and that appellant did not know them; that the principal had become insolvent at the time the things occurred releasing him, and the bank also knew of his insolvency. That he would not have renewed his previous liability if he had known the facts pertaining to his release upon the old bills, and never discovered the real facts until the cashier testified in these actions upon other issues. That in signing each renewal he believed he was liable upon the preceding bills from which he had in fact been released; that the bank officers knew he was in ignorance of the facts, and for the fraudulent purpose of inducing him to sign renewals and become bound, after his release, they concealed this information and failed to communicate the facts to him.

To this plea a demurrer was sustained. For reversal we rely upon the following authorities: Ray & Thornton v. Bank of Ky., 3 B. Mon., 513; Bank of U. S. v. Leathers, 10 B. Mon., 64; Ralston & Sebastian v. Bullitts, 3 Bibb, 261; Hubbel v. First Nat. Bank Stanford, 9 Ky. Law Rep., 766; Russell v. Rice, 19 Ky. Law Rep., 1613; Citizens Sav. Bank v. Walden & Lyddane, 52 S. W., 953, considered; Grey & Powers v. Bank of Kentucky, 2 Littell, 378.

J. A. DEAN, ATTORNEY FOR APPELLEE.

### STATEMENT.

This action was originally brought at law in the Daviess Circuit Court as common law action No. 12114, the petition being against W. M. Rudd, agent, as acceptor and drawer, and John Murphey as endorser of a protested bill of exchange for $2,500.00, dated May 11, 1895, and due 30 days after date. The petition was filed January 10, 1896. On the 20th day of January, 1896, the

defendant Murphey filed a general demurrer to the petition. On the 21st day of January, 1896, the said defendant *withdrew* his said demurrer and filed an answer. Said answer is in three paragraphs, and pleads:

1. That Murphey was an accommodation endorser, and that H. W. Baker, the notary who protested said bill was an infant under the age of twenty-one years, and ineligible to hold said office.

2. That he was procured to endorse said bill by fraud or mistake. That he endorsed a bill on the first day of February, 1893, for W. M. Rudd, (of which the bill sued on is a renewal) supposing he was endorsing a bill for the same amount to be used in renewing a bill due February 16, 1893.

3. Denies that he delivered said bill to Rudd or that Rudd delivered or discounted the same to the plaintiff. Denies that Baker was a notary public, or that he protested said bill, or that he delivered notices of protest to R. A. Burnett at Murphey's place of business.

As the issues were made up and submitted for trial the only question before the court below, was, as to whether any of the predecessors of the bill sued on were allowed to pass maturity without protest, and whether that fact, if established, invalidated Murphey's obligation as endorser on the bill in suit.

AUTHORITIES CITED.

Gray & Powers v. Bank of Kentucky, 2 Littell, 378; Buckner, &c. v. Clark, &c., 6 Bush., 168; 2 Am. & Eng. Ency. Law, 361, and authorities cited.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

This action was instituted by appellee in the Daviess Circuit Court against W. B. Rudd, agent, as acceptor and drawer, and John Murphey, as indorser, of an inland bill of exchange for $2,500, dated May 11, 1895, and due thirty days after date. The suit having been filed the 10th of January, 1896, the defendant Murphey filed an answer and several amended answers, in which he relied upon a number of separate and distinct defenses; all of which, however, seem to have been abandoned except one. He says that he was only the accommodation indorser of his co-defendant, Rudd; that the bill sued on was the final re-

newal of a bill for the same amount, dated on the 29th of
September, 1892, payable four months after date, which
was renewed from time to time until the bill in suit was
finally executed, and that one of the renewals of the orig-
inal bill was dated June 19, 1893, and due and payable on
September 20, 1893; that at the maturity of this particular
bill no demand for payment was made upon him, nor was
it protested for non-payment, and that he had not waived
protest thereon; that he signed the renewal for this bill in
ignorance of the fact that he had been released from liabil-
ity thereon by such failure to protest; and that appellee
subsequently failed to protest several renewals of the
same bill; and that in ignorance of this fact, and believing
that all legal steps necessary to hold him liable as indorser
had been taken, he signed the subsequent renewals; and
that at the date of these renewals the principal had be-
come insolvent; and that he would not have indorsed the
renewal bills if he had known of the failure of appellee to
protest the preceding bills, and his release by reason there-
of; and that the bank officers knew that he was in igno-
rance of these facts, and fraudulently failed to communi-
cate them to him, and accepted the bills with his indorse-
ment with full knowledge of such facts; and that by rea-
son of the failure of appellee to protest and take other le-
gal steps necessary to hold him liable upon the maturity
of the bill September 10, 1893, and several other renewals
thereof, he had been released from all liability by reason of
his indorsement, and there was no consideration for the
execution of the obligation sued on.   To support this con-
tention appellant refers us to the case of Ray v. Bank, 3
B. Mon., 513, in which it was held that whenever there was
a clear and palpable mistake of fact or law, or after money
had been paid without consideration, it should be recover-

Murphey v. Citizens Sav. Bank of Owensboro.

ed back, and that the payment of a bill of exchange by an indorser who had been legally exonerated therefrom in ignorance of such exoneration, came within the rule; to the case of Bank v. Leathers, 10 B. Mon., 64, in which it was held that an indorser who had been released by laches of the holder of a bill of exchange was not bound by a subsequent verbal promise made in ignorance of his release; and to the case of Russell v. Rice, 19 R., 1613; 44 S. W., 110, in which it was held that a married woman, not being liable upon a note executed by her during coverture, was not bound by a renewal of the obligation after the entry of a judgment giving her the rights of a *feme sole*. In none of these cases was the liability of an indorser upon an inland bill of exchange executed in renewal of a previous bill, which had been discounted and accepted in payment of the preceding obligation, considered; and it seems to us that this liability rests upon an entirely different principle of law. It is a well-settled principle of law that the surrender of one negotiable instrument in consideration of receiving another in lieu of it is a sufficient consideration to support the new bill or note. In the early case of Grey v. Bank, 12 Ky., 378, the bank instituted a suit upon a piece of paper, which stood upon the footing of a bill of exchange. The defense pleaded that the note was executed without good or valuable consideration. A demurrer was sustained to the plea, and the court said, viz.: "The only question material to be noticed is whether the want of consideration for the execution of the note is admissible as a defense to the action or not. This question obviously depends upon the character of the note. If it is to be treated as a mere common-law instrument, the want of consideration is clearly a good defense; but, on the contrary, if it is to be considered as being placed upon the footing of a bill

of exchange, then it is clear that the want of consideration can not be alleged in bar of action. For although, in an action upon a bill of exchange by one party against another from whom he receives it (as by the payee against the drawer or by the indorser against his immediate indorser), the want of consideration is a sufficient defense, yet it is well settled, as a general rule, that, where there exists any privity to the suit (as where the action is brought by the indorser against the drawer, or the payee against the indorser), the want of consideration is inadmissible as a defense." In the case of Buckner v. Clark's Ex'r, 69 Ky., 168, it was held that a surety is liable on a note given in the place of a previous note, on which he was surety, but on which he was released by the lapse of time. In that case the court said: "The question is not as to the consideration or benefit received by the security, for it is rare that he receives any; but what was the consideration as to the creditor, or did he part with anything valuable in fact or law, or what consideration did the principal debtor receive? Here the creditor merged his right of suit on the old note both with his principal and security, and also gave additional time during which his right of action against both was also suspended." While the drawer or indorser of a domestic or inland bill of exchange is entitled to notice of its non-payment, no protest thereof is required by law. See Whiting v. Walker, 2 B. Mon., 262; Bank v. Leathers, 10 B. Mon., 65; Bank v. Hays, 96 Ky., 365, (29 S. W., 20). That appellant had notice of the non-payment of the dishonored renewals, which he relies on to release him from liability on the obligation sued on, is abundantly shown by the fact that he indorsed the new bills which were executed to take them up. If he intended to raise any question of negligence on the part of ap-

pellee in not giving him notice of the default in their payment, the time to have done so was before he signed the new bills. He resided in the same town with the principal and with appellee, and by very slight care on his part he could have been fully informed of all of the facts upon which he now relies to escape liability. By the execution of the new bills, and their acceptance by the bank, his principal was granted protracted indulgence. It seems to us that this is an ordinary case of the borrowing and lending of money, and appellant can not escape liability upon obligations voluntarily executed by him upon the ground that no protest or notice was given to him of previous default in the payment of the obligations executed in renewal of the original paper. Judgment affirmed.

Petition for rehearing by appellant overruled. (See p. 930.)

---

CASE 28—RESPONSE TO PETITION FOR REHEARING—MARCH 5.