*176 OPINION of the court, by
Ch. J. Edwards.
— The appellant contracted with a certain Boyles, to clear out and carry into grant his' settlement and pre-emption, claim, on the waters of Dick’s river, for which he was ttf receive as a compensation for his services, and advances in completing the title, &c. one equal moiety of sd much land as should be secured by virtue of the said claims ; afterwards, on the 5th day of November 1783, by a written contract entered into with Nicholas Curry, the deceased ancestor of the present appellees, he agreed that said Curry should participate equally with him in his contract with Boyles, the said Curry agreeing to advance one half of the sums necessary, and making to the appellant a reasonable compensation for his services and personal attention in the management of the business, and procurement of the title. Curry afterwards entered into a contract with William Birney, in which he gave his bond to assign to said Birney his agreement with the appellant, and he also gave him a letter to James Brown, (in whose hands that agreement was supposed to be) in the words following : “ February 17th, 179Í. Dear sir — After my compliments to you and your family, and letting you know we are all well, I W'ant to inform, you that I have traded my part of the land that was between Copeland and me, to William Birney ; I would therefore request you to let him have the article which was lodged in your hands. Your compliance will much oblige your friend, Nicholas Curry.”
William Birney was indebted to a certain Townsend Fugate, and was in custody under process issued at Fu-gate’s instance ; to be relieved from which and to settle the amount for which he was indebted, he proposed to let Fugate have the land he had bought of Curry, but *177 Fugate- would not take his assignment of the contract. Birney then enteredjinto an agreement with Copeland, the appellant, in which Birney gave up to Copeland, Curry’s bond, &c. and Copeland as a consideration therefor, gave his bond to Fugate to convey the land by certain metes and bounds, which he was to have conveyed to Curry, thus satisfying his first contract, entered into with Curry. Curry afterwards instituted a suit in chancery, suggesting that the consideration from Bir-r.ey to him had failed, and that Birney had defrauded him ; prayed to be relieved from his contract with Bir-ney, and that Copeland, the appellant, might be compelled to make him a conveyance of the land mentioned in the agreement between the appellant and himself. The quarter session court for Mercer county, decreed accordingly, and the correctness of that decree, is now the question before us ; in deciding which, it may be necessary to premise that if any fraud existed on the part of Birney, Copeland appears to have been entirely ignorant of it, and wholly unconnected with it, and therefore ought not to be aiFected by it. That Curry should suffer by Birney, is a misfortune chargeable rather to himself than to Copeland, since it is a good maxim, that he who trusts most shall suffer most. Curry, and not Copeland, trusted Birney ; Curry not only bound himself to assign Copeland’s agreement, but he actually relinquished the possession to Birney, by the letter which he gave him to Brown, as in that letter he acknowledges the sale of it, and yields the right to the possession thereof, by requesting Brown to deliver it to Bfrney. Whether we consider Birney as the person entitled to the benefit of the contract, and to the possession of it, or as the trustee of Curry, or as his agent, in some one of which capacities he must be considered ; he had from Curry evidences of his authority to settle any business relative to the land aforesaid, sufficient to justify the appellant in settling with him ; and whether he obtained that right, authority or trust, by fair or foul means, could never affect Copeland till he had notice thereof. The settlement might be madé either by making a conveyance of the land, or by paying an equivalent for it, or as in this case by giving a new bond without any reservation or condition to convey it to Fugate ; which new bond is a complete discharge of the former agreement, *178 for no equity which Copeland might have against Curry, or Birney, can justify him in withholding the conveyance of the land from Fugate, (a) unless Fugate had been some how or other connected improperly with the fraud from which such equity arose ; and this is not proved in this case, nor is there any ground to presume it. This is therefore perfectly analogous in principle, to the cases of Davis vs. Peyton, (b) and Morrison vs. Clay, & c. (c) decided by this court ; and upon further consideration of the principle contained in those cases, we are still clearly convinced, it is perfectly correct. It follows then, that if Copeland had a right to settle with Birney, and has done so, he is completely discharged from anjr responsibility to Curry : and therefore, the decree of the inferior court was erroneous, and it is hereby annulled, reversed, and set aside, and that court are hereby directed to dismiss the complainant’s bill with costs.

 Vide Copeland'vs. Fugate, next fucceed-ing-

Har 4S7-3, 5 in a note.

 Har, 43, r.