May Term, 1833.

HAWORTH v. FISHER.

---

## HAWORTH v. FISHER.

*A.* entered into a written contract with *B.* and *C.*, by which he agreed to deliver them a number of hogs, at a specified time and place, for a certain price; and *B.* and *C.* then advanced to *A.* a certain sum of money in part payment for the hogs. *Held*, that *B.'s* assignment of his interest in the contract to *C.*, would not enable the assignee to sue at law, in his own name, either for a breach of the contract, or for the money advanced.

A demurrer to the whole declaration containing more than one count, cannot be sustained if one count is good.

ERROR to the *Wayne* Circuit Court.

Friday, *May* 31.

STEVENS, J.—On the 4th day of *November*, 1830, a contract was made by and between the plaintiff in error, *Dillon Haworth*, of the one part, and the defendant in error, *Jacob R. Fisher*, and one *William Gentry*, of the other part, by which contract it was agreed and promised by the parties in substance, as follows, viz.—*Haworth* was to deliver to *Fisher & Gentry* a large number of hogs of a certain description, at a given time and place, &c. for which *Fisher & Gentry* were to pay him on delivery a certain price in money, and did then and there pay to him the sum of 70 dollars, towards the payment thereof. All of which were reduced to writing and signed by *Haworth*.

Afterwards, and before the time for the delivery of the hogs had arrived, *Gentry* made on the back of the aforesaid written contract, so signed by *Haworth*, the following endorsement, to wit,—"For value received, I assign all my right, title, claim, and interest, of the within contract, over to *J. R. Fisher*." Afterwards, *Fisher* brought an action of assumpsit in his own name, as assignee of *Gentry*, against *Haworth* on said written contract.

32

The declaration contains two counts:—1st, a count as assignee on said written contract, assigning as a breach thereof, the non-delivery of the hogs, &c.; 2dly, a general count, in his own right, for money had and received, and for money lent and advanced. A jury trial was had, and a verdict and judgment rendered for the plaintiff, on the plea of *non-assumpsit.* Two special pleas were also filed, but they were demurred to, and the demurrers sustained.

It appears of record, by a bill of exceptions, that the defendant moved the Court to instruct the jury, "that the plaintiff in this suit could not recover the money advanced on said written contract by him and his partner *Gentry;*" which instruction the Court refused to give; and instructed the jury, that the plaintiff could recover the money, so advanced by the said plaintiff and his said partner, on said written contract; to which the defendant excepted.

Several errors are assigned for the reversal of the judgment of the Circuit Court, but this opinion will be confined to two of them only.

The first question is, can one of two joint obligees in a contract like the one before us, where both parties are obligors and both obligees, assign his interest to his co-obligee, so as to enable him to maintain an action at law, in his own name, on the written contract, without joining the name of his co-obligee? The Court thinks that this cannot be done. The obligation in question is very different from an obligation, in which one party is simply obligor and the other party obligee. In this contract, *Fisher & Gentry* are obligees to receive the hogs, but are obligors to pay the money for them; so, in like manner, *Haworth* is obligor to deliver the hogs, but obligee to receive the purchase-money for them. Both parties are obligors and both are obligees. It is presumed that it cannot be contended, that this assignment of *Gentry's* to *Fisher,* would have prevented *Haworth* from maintaining a suit against *Fisher & Gentry* both, if he had met with any damage under the contract, by the defalcation of *Fisher & Gentry,* or either of them. If, then, *Gentry* could not divest himself of the character of obligor, by the assignment, he certainly could not divest himself of the character of obligee. The contract was entire, and could not be divided without the assent of *Haworth.*

But, if we were to lay the peculiar features of this contract

May Term, 1833.

aside, and view the case abstractly upon general principles, it is, to say the least of it, very doubtful whether any instrument in writing can be transferred by assignment, in part only, so as to enable the assignee to bring suit in his own name. *Bibb* v. *Skinner*, 2 Bibb, 57.—*Hubbard* v. *Prather*, 1 Bibb, 178.—1 Ld. Raymond, 360.—Salk. 65.—Kyd on Bills, 109.

The demurrer to the defendant's pleas would have reached the declaration, and settled the case finally against the plaintiff, had there been but the one count in the declaration: there are however two counts, and the second count is good; and the doctrine is well settled, that a demurrer to the whole declaration cannot be sustained, if there be one good count.

The next point is, the instruction of the Court, above noticed, to the jury. This instruction is wrong, and vitiates the verdict.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*O. H. Smith* and *J. Rariden*, for the plaintiff.

*M. M. Ray*, for the defendant.