JUDGE ELLIOTT
delivered the opinion of the court.
The appellant Catharine Krachts was possessed of $1,000, which belonged to herself and her husband Simon Krachts. The appellee John Eichhorn, on hearing that she had the money and was about to deposit it with her priest, she being in religion a Catholic, at the solicitation of his brother, G. Eichhorn, applied to her to barrow it for him, and promised to secure its payment by a note signed by his brother, himself, and appellee Charles Obst, who was the father-in-law of G. Eichhorn.
After much persuasion Mrs. Krachts consented to the loan on a year’s credit on the note of G. Eichhorn and the appellees, whereupon they drew up a note, which was signed by G. Eichhorn, with the names of the appellees indorsed across its back, and presenting it to Mrs. Krachts she asked the appellees why they had not signed it under the name of G. Eichhorn, to which they replied that there was not room on the paper for their signatures. She then told them that they must indorse it in her presence, which they did, and she. then counted and delivered *36 to appellee Eiehhorn $1,000, which was counted by him and appellee Obst, the note delivered to Mrs. Krachts, and they departed.
This money was immediately delivered to G. Eiehhorn, and by him used in his business.
On the falling due of the note the money was repeatedly demanded of appellees, who begged for time, and promised to pay when the money should be obtained. On the 15th of June, 1875, some two months after the note fell due, a guarantee was written over appellees’ signatures on the back of the note, and suit instituted thereon against G. Eiehhorn as maker and appellees as guarantors of the paper; but after bringing the parties before the court, and believing the appellees could not be held bound as guarantors, the appellant’s attorney dismissed the suit as to them without prejudice; and having obtained judgment against G. Eiehhorn, and prosecuted him to insolvency, this action was brought against appellees to hold them responsible as assignors of this note.
Appellee Eiehhorn failed to answer, thereby confessing the allegation of the ■ complaint. Obst answered, and denied that appellant had with due diligence prosecuted G. Eiehhorn to insolvency, and denied that he was in fact insolvent, and pleaded the fact that he had been sued as guarantor in bar of the recovery in this action.
By chapter 22, section 14 of the General Statutes it is provided that “ every person who shall sign his name upon the back of a promissory note shall be deemed and treated as an assignor as to the party holding it, unless in writing a different purpose be expressed; or the note can be legally placed on the footing of a bill of exchange.” As the appellees signed their names upon the back of the note sued on, with the avowed purpose of being bound for its amount, they must, in the language of the statute, be “deemed and treated” as assignors as to the parties holding it, unless they have, since *37 its execution, been released from responsibility by the conduct of the obligees.
The failure to sue at the maturity of the note was at the urgent solicitation of the appellees, and the charge of negligence in the bringing of this suit has not been sustained. The attempt to hold the appellees responsible as guarantors of the note, which was abandoned and that suit dismissed without prejudice, interposed no bar to the prosecution of this suit, especially as the words of guaranty were written on the note above the signatures of appellees, without the authority or knowledge of the appellant.
It is insisted, however, that the indorsement of the names of the appellees upon the note was without consideration, and therefore null and void as to them. In this view we can not concur. The consideration of the indorsement was the loan of $1,000 to the obligor G. Eichhorn at the solicitation of the appellees; and having in this way obtained appellant’s money, they can not hide behind the plea of no consideration to escape responsibility. But the plea is not true in fact, for the appellees jointly presented the note to appellant Catharine Krachts, with their names indorsed upon it, and as she did not see them indorse the paper she made them erase their names and then indorse the note in her presence, and upon the delivery to her of the note thus indorsed in her presence she paid to appellees and not to the obligor the amount the note called for.
But the statute does not require that the indorsement shall be made upon a valuable consideration paid to him who makes it, but the consideration passing from the obligee to the obligor is sufficient to sustain an action against a stranger who has indorsed the paper after the prosecution of the obligor to insolvency with due diligence.
But it is said that by section 7, chapter 22 of General Statutes it is provided that “ in an action on any assignment of a *38 writing it shall be necessary to aver the consideration for the assignment; and only the consideration actually paid by the plaintiff for the note or assignment thereof shall be recoverable by him/’ and that the consideration of the assignment by appellees has not been stated by appellant, and could not be, because they received nothing.
The appellant stated in her pleadings that they loaned the $1,000 only because of the indorsement by appellees of the note of G. Eichhorn for said sum. If this be true, the consideration was $1,000. But we are inclined to the opinion that the 7th section of chapter 22 of the General Statutes refers to actual assignments by the obligee, or those claiming under him, rather than a mere indorsement by a stranger which treats him as an assignor for the purpose of fixing his liability. But however this may be, a sufficient consideration is averred and proved to sustain a judgment for the amount of the note and interest and the cost of the suit against G. Eichhorn. As this suit was not brought under the new Code of Practice, and judgment rendered before it took effect, none of the grounds stated in appellees’ motion to dismiss this appeal can prevail, and the motion to dismiss is therefore overruled.
For the errors indicated the judgment is reversed, and cause remanded, with directions to grant the appellant a new trial, and for further proceedings consistent with this opinion.