CASE 103—ASSIGNMENT, DILIGENCE—MARCH, 1884.

## Rives v. Brown, &c.

### APPEAL FROM BUTLER CIRCUIT COURT.

1. The assignee, to entitle him to recover against the assignor, must exhaust all his remedies, legal and equitable, with due diligence, and must pursue his legal remedies with as much diligence as though he had no equitable remedy.
2. A delay of two terms in failing to sue and obtain a personal judgment in the quarterly court is not diligence.
3. *Section 376, Civil Code*, authorizing the enforcement of the lien and personal judgment in the same action, does not lessen the responsibility of the assignee for failure to pursue and exhaust his legal remedies.

JNO. L. SCOTT FOR APPELLANT.

It seems plain, upon equitable principles, that justice to the endorser requires the holder of the lien note to pass by the quarterly court (it having no jurisdiction to enforce the lien), and institute suit in the circuit court with the view of selling the land for the payment of the note.

THOS. P. & WM. HUNT FOR APPELLEES.

No brief.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

The only question we need consider is, whether appellant, to whom appellee assigned a note for $137.44, has pursued the maker thereof with sufficient diligence to authorize a recovery against the assignor. The amount of the note was within the jurisdiction of the quarterly court, but as the note was partially secured by lien on land, to enforce which the quarterly court has no jurisdiction, a personal judgment and an enforcement of the lien at the same time could only be had in the circuit court. The note fell due in May, 1877, and suit was brought upon it in the Ohio circuit court, the county in which the maker had resided, in March, 1878. It may be conceded that the failure to bring suit to the fall term of the circuit court was caused by the intervention of

appellee, and that the maker of the note had left the county after the fall term and before the term at which the suit was brought. So far, then, as the institution of suit in the circuit court is concerned, it may be admitted that there was legal diligence; but the question remains, was there want of diligence in failing to sue, and get personal judgment in the quarterly court, before appellee requested delay in being sued, or subsequent to the November circuit court? The quarterly courts began in that county on the third Monday in January, April, July, and October. There was, then, one term of the quarterly court occurring almost two months after the maturity of the note, and before any request on the part of appellee to delay suit, to which suit could have been brought and personal judgment obtained; and if the request to delay suit, which was only operative until the November term, 1877, of the circuit court, may be considered a waiver of the failure to sue to the July term of the quarterly court, there was the January term, 1878, of the quarterly court, to which suit could and should have been brought. The assignee, to entitle himself to recover against the assignor on the contract of assignment, must exhaust his remedies, both legal and equitable, with due diligence, and must pursue his legal remedies with as much diligence as if he had no equitable remedy.

Section 376 of the Civil Code, which is the same as section 406 of the Code of 1854, authorizing the enforcement of the lien and personal judgment in the same action, does not lessen the responsibility of the assignee for failure to pursue and exhaust his legal remedies. Prior to these Code and the statutory provisions two actions were necessary, in order to get judgment that could be enforced by execution. Now it is permitted to unite the two actions in one when

it does not interfere with the rights of an assignor under his implied contract of assignment. (Chambers v. Keene, 1 Met., 294.)

Judgment affirmed.