American National Bank v. Smallhouse, &c.

Case 21—Action to Hold Defendants Liable Upon their Indorse-
ment of a Promissory Note.—March 21.

# American National Bank v. Smallhouse, &c.

### APPEAL FROM WARREN CIRCUIT COURT.

Judgment for Defendants and Plaintiff Appeals.  Reversed.

Bills and Notes—Assignment—Liability of Assignor—Estoppel
to Plead Want of Diligence in Suing.

Held:  1. Under Kentucky Statutes, section 481, every person who
signs his name upon the back of a promissory note is liable as an
assignor, unless a different purpose is expressed in writing.

2. Where the holder of a note was prevented from suing at the first
term of court after the note matured by reason of the repeated
assurances of an assignor that he would see the makers of the
note and have it either paid or secured, such assignor is es-
topped from pleading that he is released from liability by the
failure to sue at that term.

W. B. GAINES and C. P. MOTTLEY, for appellant.

This action was based upon the indorsement by C. G. Small-
house of a promissory note for $5,000 payable to appellant
bank.  The note became due June 21, 1900; part of the makers
were adjudged bankrupts in December 1900, and the remain-
der prosecuted to insolvency at the February term, 1901.

Appellee admitted the indorsement and pleaded release by
appellant's failure to sue at the November term.  In antic-
ipation of this plea appellant, who was plaintiff below, in its
petition says, that the reason suit was not then begun was
"Because the defendants (Smallhouse and Porter) and each of
them, earnestly solicited plaintiff not to institute suit at said
November term and represented to plaintiff that they were at-
tempting to get the note paid, adjusted, and satisfactorily ar-
ranged by the makers; that after repeated efforts to so pay, ad-
just, and arrange for the payment of said note by the makers
and endorsers, lasting until December 31, 1900 continuously
from June 21, 1900, they failed and refused to pay same."

The defendants denied specifically each of these allegations
and affirmatively pleaded release by plaintiff's failure to sue at
the November term.

Under the pleadings and evidence the court below gave the jury a peremptory instruction to find for the defendant and of this we complain.

The diligence which the law lays down as always sufficient, is the pursuit of the makers to insolvency at the first term after the maturity of the paper. Admittedly this diligence was not used and the question arises, are there any other acts which constitute diligence within the meaning of the law. That there is has been decided in plain terms by this court.

### CITATIONS.

Krecht's Admr. v. Obst, &c., 14 Bush, 34; Hume v. Brown, 3 Dana, 451; Stafford v. Bruce & Co., 12 R., 374; Rives v. Brown, 81 Ky., 636; Foster v. Shreve, 6 Bush, 530; Cecil v. Simpson, 10 R., 404.

WRIGHT & McELROY, FOR APPELLEE.

Admitting the suit and judgment against the makers of the note in controversy, and their prosecution to insolvency, the appellee, Smallhouse denied each and every material allegation of the plaintiff's petition—denied that he earnestly, or at all, requested plaintiff not to sue at the November' term, denied that the delay in bringing suit on the note at the November term, was occasioned or granted expressly, or at all, or at his instance or request, or upon his representation or promise to pay same.

The question thus presented was, Did the evidence introduced on the trial sustain or even tend to sustain the averments of the plaintiff's petition, and did it overcome the denials of the answer?

We submit that no letter from Smallhouse to appellant, and nothing which passed between the parties is competent on the issue formed by the pleadings, which ocurred after the beginning of the November term, 1900. After Smallhouse was released by the failure to sue the makers of the note at the November term, no subsequent promise of his could revive that liability.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

This suit was instituted by the American National Bank of Louisville against the defendant, C. G. Smallhouse, seeking to hold him liable upon his indorsement of a promissory note for $5,500, payable to the bank, alleg-

ing that a part of the makers of the note had been adjudged bankrupts in December, 1900, and that the remainder had been prosecuted to insolvency at the February term, 1901, of the Warren circuit court. The appellee, Smallhouse, in his answer, admitted that he had indorsed the note, but pleaded that he had been released from all liability thereon by the plaintiff's failure to sue the maker at the November term, 1900, which was the first term of the Warren circuit court after the maturity of the obligation. Plaintiff replied that the defendant was estopped from relying upon this defense by promises and representations made to it, which induced it not to institute the suit at the first term of the Warren circuit court. A jury trial resulted in a verdict for the defendant under a peremptory instruction, and from that judgment this appeal is prosecuted.

The facts as shown by the pleadings are as follows: On the 19th of April, 1900, the American National Bank loaned to E. A. Porter & Bros., of Bowling Green, Ky., $5,500, and took their promissory note therefor, due 60 days after date. C. G. Smallhouse and L. R. Porter signed their names upon the back of the obligation. The note became due on the 21st of June, 1900, and on the 25th of July, L. C. Murray, the president of the bank, wrote to C. G. Smallhouse, who was the president of the bank in Bowling Green, through whom the arrangement was made with the Louisville bank for the loan of the money, notifying him that the debt was due, and requesting that he should see that it was promptly paid, Smallhouse responded on July 27th that he would send for the parties immediately, and see if he could get them to arrange the matter. On the 12th of September following, Murray again wrote to Smallhouse, notifying him that the paper must be paid within a week or ten days, and on Sep-

tember 13th Smallhouse responded that he would see all the parties concerned, and see that Murray's wishes were complied with, and that he would communicate with him as soon as he had seen the parties. During the month of September, after he had written this note, Smallhouse had an interview with Murray at his banking house in Louisville, in which Murray testifies that the entire matter was gone over, and that the appellee, Smallhouse, assured him that upon his return home he would get in his buggy, and go out and see the parties, and secure a mortgage or bill of sale on some cattle to still further secure the note, and that he would see that it was paid; that he relied upon these assurances and promise, and for that reason did not institute the suit. And on the 10th day of October, 1900, Murray wrote Smallhouse, calling his attention to his promise to have the cattle which were pledged to secure the note transferred to the bank; and on the 2d of the same month he again wrote reminding him of his promise with reference to this matter. On the 22d of March Smallhouse responded that he was not unmindful of his promise, but had been delayed in securing the mortgage or bill of sale by the sickness of Mr. Porter, and assured Murray of his anxiety to have the matter arranged at the earliest opportunity. On October 31st Murray notified Smallhouse that he had been directed by the Board of Directors to institute suit on the debt if not paid at once. On November 2d Smallhouse responded that L. R. Porter was still sick, and unable to attend to business, but he was commissioned by him to say that he would arrange the matter in a short time, and did not want suit brought. On the 14th of November Smallhouse again wrote Murray that the Porters had a prospect to borrow the money with which to pay the note within a day or two, and on the 5th of January, 1901, he wrote Murray notifying him

that Porter & Bros. had gone into bankruptcy, and request-ing him to file his claim, assuring him that he would account for whatever he failed to realize out of the estate of Don-alson Bros. and L. R. Porter. The first court held in War-ren county at which suit could have been brought on the note began on the 5th of November, 1900. By section 481 of the Kentucky Statutes every person who signs his name upon the back of a promissory note is liable as an assignor unless a different purpose is expressed in writing, and to hold them liable the maker must ordinarily be prosecuted to insolvency at the first term of the court after the ma-turity of the note; but if the assignor, either by words or acts, induces the assignee to refrain from the prompt insti-tution of the suit against the makers, such words or acts will estop him from relying upon such failure as a defense when sued on the assignment. In Hume v. Brown, 33 Ky., 451, this court said: "When the assignment is accompanied by an agreement or direction on the part of the assignor that, before resorting to coercion, the assignee should try the effect of repeated solicitation for the money, the legal rule of strict diligence can not, with justice, be applied in determining the length of time after the assignment within which the process of the law shall be resorted to." It has been uniformly held that, where the failure to sue at the ma-turity of the note was due to a request of the assignor, the charge of negligence in bringing the suit could not be sustained. See Krechts' Adm'r v. Obst, 77 Ky., 37; Rives v. Brown, 81 Ky., 636 (5 R., 745) Stafford v. Bruce (12 R., 374) 14 S. W., 374. It is apparent that the repeated promises and assurances made by the appellee Smallhouse to the ap-pellant that he would see the makers of the note, and either have it paid or secured, were calculated, whether so intend-

ed or not, to throw appellant off its guard, and to induce it to delay the institution of a suit against the makers. This was especially true in view of the close and intimate business relations which had existed between the parties for such a long period of time, and thus having, both by words and acts, induced the appellant to postpone resorting to the courts, he can not rely upon its delay as an act of negligence to escape liability.

The trial court erred in the peremptory instruction given to the jury, and the judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Chief Justice Guffy dissenting.

Petition for rehearing by appellee overruled.