# Hughett v. Shain.

(Decided March 13, 1934.)

FOX & GORDON for appellant.

CHARLES G. FRANKLIN and J. A. JONSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Hughett-Ramsey Motors, a corporation, was engaged in the business of selling automobiles and trucks. J. L. Hughett was its president, and E. D. Ramsey was its secretary and salesman. In the fall of 1929, the Hughett-Ramsey Motors, through its secretary and salesman, Ramsey, sold to Tom Logan a truck for $1,558.40, of which the Henderson Sales Finance Corporation furnished $1,016.16, secured by a mortgage on the truck. For the balance of $542.30 Logan executed his note with J. D. Shain, as surety, dated November 7, 1929, and payable six months from date. On December 23, 1929, the Hughett-Ramsey Motors indorsed and transferred the note, together with other assets, to its president, J. L. Hughett, in consideration of his discharging certain indebtedness owing by the company to a bank. Logan made one payment of $84.71 to the fi-

nance company. Later on the truck was turned over to the finance company, which, after expending $50 for repairs, sold it for $1,023.92.

Hughett brought this suit against Logan and Shain to recover on the note, and alleged that he was a holder in due course. Logan and Shain filed a joint answer, which, in addition to denying the allegations of the petition, pleaded in substance that Ramsey falsely and fraudulently stated to Shain that the defendant Logan had asked said Ramsey to ask Shain to sign said note as a surety; that after the execution and delivery of the note the word "I" was changed to read "We," without the knowledge or consent of either of the defendants; that Hughett, who was the president of the company, knew of the fraud practiced in obtaining the signature of Shain, and the note was transferred to him for the purpose of defeating the defendants in making their plea of fraud; that Logan kept the truck for but a short time, and that the company agreed with him to take the truck back, sell it, and apply the proceeds first to the payment of the deferred payments due the finance company, and the balance on the note sued on; and that instead of complying with its agreement, the company turned the truck over to the finance company, at which time it had a reasonable market value of $1,500, thereby damaging Logan in the sum of $500, for which he was entitled to credit on the note. After the affirmative allegations of the answer had been denied by reply, Logan and Shain filed an amended answer pleading that there was no consideration for the signing of the note by Shain, and that at the time his signature was obtained, Ramsey fraudulently stated to Shain that Logan had paid the entire purchase price of the truck, with the exception of the note. Later on Logan filed an amended answer pleading in substance that he had been discharged in bankruptcy from all his debts, including the note sued on. After evidence was heard in support of their respective contentions, the court instructed on no consideration, fraud, and whether the motors company agreed to take back the truck, sell it, and apply the proceeds on the indebtedness to the finance company, and the balance on the payment of the note sued on. From a verdict and judgment in favor of Shain, Hughett appeals.

One of the main contentions is that Hughett was entitled to a peremptory instruction on the ground that

before its maturity he purchased and paid for the note without any knowledge of any fraudulent representations alleged to have been made by Ramsey. It doubtless is true that Hughett had no knowledge of the alleged fraud, but the question presented is, whether one may buy a note from a corporation of which he is president, and occupy the position of a holder in due course. A pioneer case on the question is McCarty v. Kepreta, 24 N. D. 395, 139 N. W. 992, 48 L. R. A. (N. S.) 65, Ann. Cas. 1915A, 834. There a note and mortgage were executed without consideration to a state bank, and by it were assigned by its cashier for value to its president, who had no actual knowledge of any infirmity in the note, or of any defense to its payment. After an elaborate discussion of the question, and an exhaustive review of the authorities, the court held that the president of the bank, although he, in good faith, and for full value, purchased the note from the bank, without actual knowledge of want of consideration, was not a bona fide purchaser, since, by virtue of his position in the bank, he was presumed to have had knowledge of the transaction and was therefore affected with constructive notice. It seems to us that this doctrine is sound. Here, if there was fraud, it was committed by the motors company's secretary and salesman. His act was the act of the corporation, his knowledge was the corporation's knowledge, and the corporation's knowledge will be imputed to its president to the extent that he may not become a holder in due course of a note purchased from the corporation.

The instruction on no consideration presents a more serious question. It reads:

"The Court instructs the jury that if they believe from the evidence that the note mentioned in the petition was executed by the defendant, J. D. Shain, without consideration to either him or Tom Logan and after the sale of the truck had been made to Logan, they will find their verdict for the defendant, Shain."

As the note was executed in part payment for the truck, there was a consideration for its execution by Logan, and that part of the instruction authorizing a finding for Shain, if the note was without consideration to Logan, was calculated to mislead the jury. Of course, if there was a consideration to Logan, the principal, no

other consideration was necessary in order to bind. Shain, the surety. Brewster v. Baker, 97 Ind. 260; Krachts' Adm'r v. Obst, 14 Bush, 34. However, the signing of a note as surety after the delivery thereof, and, after the consideration has passed, is without consideration. Jackson v. Cooper, 39 S. W. 39, 19 Ky. Law Rep. 9. This rule was not properly submitted by the given instruction. Even though the truck had been actually delivered at the time Shain, the surety, signed, this would not make out a case of no consideration, unless it was also shown that the note as signed by Logan alone was actually delivered and accepted in payment of the balance due on the truck before Shain was procured to sign as surety. We cannot accede to the proposition that the instruction as given is not prejudicial. We cannot tell under which instruction the jury found. It may have disregarded the other defenses and have based its verdict on want of consideration, which it was authorized to do under the instruction.

On another trial the court will not submit the question, whether Hughett was a bona fide purchaser for value without notice.

We find no other error in the record.

Judgment reversed and cause remanded for a new trial consistent with this opinion.