JUDGE ROBERTSON
delivered the otinion or the court:
The appellant brought this action against the appellee for reclamation of one thousand five hundred dollars which, through alleged mistake of law, he had, for ten consecutive years, paid, at the rate of one hundred and fifty dollars a year, under an assessment by the municipality of his choscs in action for local taxation.
The answer insists that the tax was legal — avers that the appellant, all the time, was a municipal officer, approved and aided in the enforcement of the like taxation on others, and once, as councilman, voted to impose it; and, alleging that he failed to list at least eighty thousand dollars of dioses in action, the a.pp^j|^e therefore asserted a counter-claim for the surplus improperly pretermitted. On a demurrer to the answer, the circuit court, reverting to the petition, adjudged it insufficient, and dismissed it.
The fourth and fifth sections of the act of 1854 (Session Acts, p. 561), like the charter of the city of Lexington, authorized the city to assess “ all the real and personal estate of the city;" and, in the case of Johnson vs. The City of Lexington (14 B. Mon., 648), this court exonerated Johnson from the payment of a municipal tax imposed on his choscs in action.
That case and this differ in two respects. 1st. Johnson resisted payment. The appellant, after ten years, seeks to recover back what he voluntarily paid. 2d. The charter of Lexington did not contain the following provision of the act of 1854: “In making assessment for the railroad tax, all property taxed shall be given in under the same rules and regulations required in giving in taxable property for State revenue.”
*206 Whether this supplement was intended to adopt the equalization law of the State, or meant only to fix the mode of listing “real and personal estate,” is a rather vexatious question, which we will not decide in this case, as we would be compelled to do had not the appellant paid the tax as and when he did. Having so paid it, has he a conscientious claim to restitution, so far as not barred by limitation? And is there any implied promise to pay it back? We think not.
It is difficult to prove a mistake of law, or that it was the only reason for payment; and it is neither alleged nor sufficiently proved that a mistake of law was the appellant’s only motive for so long paying the tax. We may presume other and higher motives, whatever he may havfi Bright of his legal obligations.
But, as the^ appellant helped to impose the tax, and otherwise ratified it, he was under an honorary obligation to his fellow-citizens who, therefore, paid their portions of it, to contribute his share of the self-imposed burthen.
A payment of a debt barred by limitation can never be recovered back on a plea of mistake of law or of fact.
There was an honorary obligation to pay, and the law would rather presume that, therefore, payment would have been made had there been no mistake as to the bar. So here, and especially as the appellant paid only what he induced others to pay, whom, therefore, it was his duty to help, and also as the payment relieved other property of increased taxation.
We are therefore of opinion that the law, on the facts exhibited, does not imply a promise of restitution, and the judgment is therefore affirmed.