CHIBE JUSTÍCB WILLIAMS
delivered the opinion op the court.
February 21, 1867, W. T. Buckner and appellant executed their note for $939.19 to J. C. Glass, executor of Thomas P. Clark, due September 1st thereafter.
To a suit ou this note appellant pleaded that he had previously been his said brother’s security to Thomas P. Clark, in a note dated January 23, 1852, due in one year thereafter, on -which his brother had made several payments: that he and his brother had both resided all the time in the county where the suit was brought, and that neither had in anywise absconded, obstructed, or hindered suit or service of process; and that more than seven and near fourteen years having elapsed after said first note became due, and before tbis one was given, he had as his brother’s security been released from all liability by reason of sucb lapse of time without suit; yet that, in ignorance thereof and of bis legal rights, he executed tbis note, which be would not bave done bad be known be was by law released from the former one.
*170 To this answer the court sustained a demurrer, and he has appealed.
If the obligation to pay the other note was the only consideration for the one sued on, there would be less difficulty in sustaining the answer; but the answer and undisputed record show that the additional time from February 21 to September 1, 1867, was extended by the executor on this renewal note; not only so, but all legal rights which the creditor had against either the principal or security on the old note was merged in the new one.
This does not stand ’on the same ground as the case of Bay v. Bank of Kentucky, 8 B. Mon. 510, wherein the indorser of a bill of exchange paid the debt to the bank on its dishonor, not knowing that by the laches of the holder, because not properly presented, protested, and notice given, he was released from legal responsibility. His legal liability being the only consideration for the payment, and which was only conditional, depending on certain acts to be performed by the holder of the bill, and these not being performed, he was under no legal responsibility whatever. But as was said by this court in Hubbard v. City of Hickman, 4 Bush, 206:.- “A payment of a debt barred by limitation can never be recovered back on a plea of mistake of law or of fact. It is difficult to prove a mistake of law, ox; that it was the pnly reason for payment.”
There may be iix cases bai’red by limitation an honorary obligation even on the security to pay; therefore it is essential to aver that the only consideration is the supposed legal liability; instead of which, in this case, it is averred that appellant would xxot have signed this xxote had he ixot supposed he was legally liable on the other. This would xio more be a defense than would the averment that the security supposed the principal to be solvent when he signed the note, which he afterward discovered *171 was a mistake. Tbe question is not as to tbe consideration or benefit received by the security, for it is rare that be receives any, but wbat was tbe consideration as to tbe creditor. Did be part witb anything valuable, in fact or in law; or wbat consideration did tbe principal debtor receive? Here tbe creditor merged bis right of suit on tbe old note both as to principal and security, and also gave additional time, during which bis right of action against both was also suspended.
Tbe answer shows that whatever may have been tbe influencing motive witb tbe security, that there were other considerations moving from tbe creditor than tbe mere legal obligation of tbe security on tbe old note; and as tbe answer did not nor could controvert these, it was bad, and tbe court properly sustained a demurrer to it.
Wherefore tbe judgment is affirmed witb damages, a supersedeas bond appearing.