Filed Sept. 27, 1884.

---

No. 11,191.

## BREWSTER v. BAKER.

PROMISSORY NOTE.— *Consideration.*—*Surrender of Prior Note.*—*Principal and Surety.*—As between the principal and the payee of a promissory note, the surrender by the latter to the former of his prior valid note, for the same amount, is a sufficient consideration for the new note; and where the consideration is sufficient, as between the payee and principal, it is sufficient, also, as between the payee and surety in such new note.

From the Harrison Circuit Court.

*B. P. Douglass, S. M. Stockslager, W. N. Tracewell, R. J. Tracewell* and *W. A. Porter,* for appellant.

*S. J. Wright, W. T. Zenor* and *L. Jordan,* for appellee.

HOWK, J.—This was a suit by the appellee against one Willison Hisey and the appellant, Brewster, upon their joint and several promissory note. On June 5th, 1882, judgment for want of an answer was rendered against the defendant Hisey for the amount due on the note. Afterwards the appellant, Brewster, answered in a single special paragraph, to which the appellee replied by a general denial. The issues joined were tried by the court, and a finding was made for the appellee for the amount of the note and interest. Over appellant's motion for a new trial, judgment was rendered on the finding.

Error is assigned here upon the overruling of the motion

for a new trial. It is claimed by appellant, and, indeed, is conceded by the appellee, that Brewster was the surety and Hisey the principal in the note in suit. The facts of the case, as shown by the evidence, were substantially as follows: On November 6th, 1879, the appellee loaned the defendant Hisey the sum of $1,050, taking therefor Hisey's individual note, payable one day after date, and bearing interest at the rate of eight per cent. per annum. Hisey paid the interest on this note up to the 6th day of November, 1881. In the spring of 1882 the appellee informed Hisey that he must have security for the loan, and that, if the latter would give such security, he should not be disturbed. About the 10th day of May, 1882, the note in suit was executed by Hisey and the appellant to the appellee for the same sum expressed in the old note, and it was dated back to November 6th, 1881, for the purpose of covering and securing the interest which had accrued since that date on the old note. The new note was payable one day after date, and bore the same rate of interest as the old note. This suit was commenced on the 24th day of May, 1882, at the request of the appellant, who had become alarmed about Hisey's solvency. Upon the delivery of the new note the old note was surrendered to Hisey. There is evidence in the record from which the court might have found that the appellant knew, at the time he executed the note in suit, that such note was given in lieu of the old note, for the purpose of securing the payment to appellee of his former loan to Hisey, although this was denied by the appellant.

It is claimed on behalf of the appellant, that, as to him, the note in suit evidenced his several promise to pay the already existing debt of Hisey, from which he, Brewster, had received no benefit, and the consideration of which had been advanced, without his knowledge or request, by the appellee to Hisey. It is insisted, therefore, by his counsel, that Brewster's promise to pay the previously existing debt of Hisey, though in writing and evidenced by the note sued upon, was

void and of no binding force, because it was not shown to have been founded upon a new consideration.   In support of their position the appellant's counsel cite and rely upon the following cases in our own reports: *Bingham* v. *Kimball*, 17 Ind. 396, *Starr* v. *Earle*, 43 Ind. 478, *Crossan* v. *May*, 68 Ind. 242, and *Clodfelter* v. *Hulett*, 72 Ind. 137.

The law stated by the court in each of the cases cited by counsel is good law, and applicable to the facts of the particular case in which it is enunciated.   But an examination of the opinions in those cases will show very clearly, as it seems to us, that the facts in each of the cases are utterly unlike the facts in the case in hand. In each of the cited cases it is held, substantially, that the separate individual promise of one person, whether verbal or written, to pay an existing debt of another person, is not valid and binding and is a mere *nudum pactum*, unless it be founded on some new consideration other than such previously existing debt.   The doctrine of these cases is no doubt correct, but it is wholly inapplicable, we think, to the facts of the case we are now considering. Here the promise of the appellant to pay the previously existing debt of Hisey was not his separate individual promise to pay such debt; but, as shown by the note in suit, he and Hisey, or either of them, promised to pay such note, the consideration of which note, as we have seen, was Hisey's previous debt and the surrender of his old note.

The surrender of the old note, and the substitution of the new note therefor, certainly constituted a sufficient consideration for the new note, as between the payee and Hisey, the principal therein ; and this being so, it must be held, we think, that the consideration of the new note was sufficient to sustain it as against the appellant, the surety of Hisey therein. *Coffin* v. *Trustees, etc.*, 92 Ind. 337 ; *Reed* v. *Coale*, 4 Ind. 283.

Appellant's counsel complain in argument of the ruling of the court in permitting the introduction of certain evidence tending to prove the appellant's admission that he was liable on the note in suit, and his request that the appellee would in-

stitute suit on such note. The admission of this evidence was objected to by the appellant on the ground that it was incompetent, immaterial and irrelevant, and tended only to prove facts which transpired after the execution of the new note. The court committed no error, we think, in overruling these objections, or in the admission of the evidence complained of.

Appellant's motion for a new trial was correctly overruled. The judgment is affirmed, with costs.

Filed May 28, 1884. Petition for a rehearing overruled Sept. 19, 1884.