### George E. White v. The Western State Bank.
Gen. No. 11,584.

1.  OBJECTION—*when comes too late.* Where the appellant did not except to the ruling of the court sought to be reviewed, an assignment of error with respect thereto will not be considered.

2.  GUARANTY—*what prima facie evidence of consideration for.* The words, "for value received," are *prima facie* evidence of consideration to support a guaranty.

White v. The Western State Bank.

3. GUARANTY—*what sufficient consideration to support.* Where a note is given in renewal of another, upon which the defendant was guarantor, and such renewal note was not accepted until the defendant had guaranteed the same, it is immaterial that the execution of the note antedated the execution of the guaranty.

4. SECONDARY EVIDENCE—*when admission of, not error.* Evidence to the effect that a particular note was given in renewal of another note for like amount is not improper in rebuttal, where a witness called by the complaining party was permitted without objection to testify to similar matters.

Action of assumpsit.. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed March 21, 1905.

**Statement by the Court.** This is an action of assumpsit on an alleged guaranty brought by appellee against appellant. The trial resulted in a judgment for $2,543.75 in favor of appellee, and this appeal is prosecuted to reverse the judgment.

The declaration consists of three special counts and the common counts. Appellant pleaded the general issue and no consideration. Issues were joined on these pleas.

On the trial a note for $2,500 signed by the Delaney Stone Co., payable to appellee and guaranteed by one George Pretzel, was produced by appellee and also the separate guaranty of the note by appellant, and the execution of the note and guaranty was proved and the note and guaranty were offered in evidence. The note reads as follows:

"$2,500.00                Chicago, Ill., November 10, 1902.

"Four months after date, for value received, the undersigned promises to pay to the order of George Pretzel at The Western State Bank at its office in Chicago Twenty-five Hundred & no/100 Dollars, with interest at the rate of seven per cent per annum after maturity until paid, and agrees to pay all costs & expenses paid or incurred in collecting this note including reasonable attorneys' fees. In case of the insolvency of the undersigned or either of them any indebtedness due from the legal holder hereof to the under-

signed or either of them may be appropriated & applied hereon at any time, as well before as after maturity hereof.

"Delaney Stone Co.,

"By George Pretzel,

"Pres."

Endorsed upon the note is the following:

"For value received the undersigned hereby guarantees the prompt payment of this note at maturity or at any time thereafter, waiving demand, protest and notice of protest or non-payment.

"George Pretzel."

The guaranty reads as follows:

"Chicago, Ill., Dec. 9, 1902.

"For value received the undersigned hereby guarantees the payment at maturity, or at any time thereafter with interest at 7% per annum, of a certain note for $2,500 dated Nov. 10, 1902, and due four months after date made by the Delaney Stone Company, payable at The Western State Bank to the order of George Pretzel and by him endorsed, waiving demand, protest and notice of protest or non-payment.

"Geo. E. White."

Appellee in further proof of its case then examined the witness Johnson, president of appellee, as to a conversation he had with appellant, at the banking office of appellee, on or about November 10, 1902. The following question was asked the witness: "State what was said." Appellant's attorney objected upon the ground that "the guaranty must be in writing, and speak for itself. Conversations are not admissible." The court ruled that the proof was premature; that a consideration was to be presumed. Thereupon the plaintiff rested.

To maintain the issues on the part of defendant, appellant testified that he never received any money or thing for signing the guarantee sued on; that he did not know whether the note dated November 10, 1902, was given to take up

another note due on that date or not; that he thought there was a note dated on or about November 10, 1902; that he did not remember whether he signed that note as guarantor or not; that he had a talk with Johnson, president of appellee, about the time the note was given; that he did not remember of stating to Johnson, shortly after November 10, 1902, that if appellee would surrender a prior note on which he was guarantor he would like to substitute for that note a note with a separate undertaking so as to have recourse against Pretzel; that he had a conversation before this paper sued on was executed, at which the subject of his giving a guaranty was discussed; that he signed the paper sued on at his office; that he did not know whether the money was loaned on November 10, 1902, on the strength of the note, or whether any consideration of any kind passed to the Delaney Stone Company.

Johnson was recalled in rebuttal by appellee and testified that he had a conversation with appellant on or about December 9, 1902, in which he demanded of appellant payment of the matured note for $2,500 on which appellant was guarantor; that appellant requested a little more time and stated he would take up the note and carry it himself; that he would like to have the form changed, so that if he did take it up and carry it himself his name would not appear on it, and he would be able to hold Pretzel liable to him; that appellant wanted him to accept a note of the Delaney Stone Co. to Pretzel's order and by Pretzel endorsed, instead of the note with the guarantee on it; that witness consented on behalf of appellee; that appellant asked witness to send the separate guaranty by mail; that witness sent the guaranty sued on and it came back signed; and appellee then cancelled and returned the note to the Delaney Stone Company.

Mr. Thompson was called by appellee and testified that he was note teller for appellee in December, 1902, and saw the instrument dated December 9, 1902, at appellee's banking office; that he then had in his possession a note of the Delaney Stone Company due November 10, 1902, on which

the name of appellant appeared, and cancelled it, and deposited the letter which contained the cancelled note in appellee's letter box; that witness never saw the note again; that it is not in the possession of witness or of appellee.

Newman, Northrup, Levinson & Becker, for appellant.

Long & Price, for appellee.

Mr. Justice Smith delivered the opinion of the court.

It is urged by appellant that where a guaranty is made after the completion of a note or contract there is no presumption of consideration, but the contrary, and the plaintiff must prove a new and express consideration in order to enforce it; and that the ruling of the trial court in this case that a consideration was to be presumed, was erroneous. Appellant did not except to the ruling of the court. Objection to it is now urged for the first time. "It comes too late." In Montague v. Selb et al., 106 Ill. 49, the court said: "We have often held a party cannot be allowed to lie by and permit matters to pass unchallenged, and then urge them as objections for the first time in this court." The ruling in question was made by the court and was acted upon by appellee and acquiesced in by appellant. The trial of the case proceeded upon the theory of the ruling without any question being raised as to its correctness, and it would be unjust to permit it now to be questioned. As said in Gillham v. State Bank, 2 Scam. 250: "The rules of law regulating trials are designed to facilitate and promote justice. They are not designed as traps to ensnare the unwary or defeat the substantial ends of justice. If a party fails to introduce some necessary link in the chain of testimony to make out his case, and such failure is evidently the result of oversight, the proper course for the defendant is to apply for a non-suit, and then it is a matter of discretion with the court trying the cause to permit the plaintiff to introduce further evidence, if he can, to supply the defective link."

In the case at bar is was not an oversight that the evi-

dence showing the consideration for the guaranty, if any additional evidence was needed, was not gone into by appellee. Appellee rested its case only after the court ruled that the evidence was premature. Appellee in obedience to the ruling, and relying upon the acquiescence of appellant in the ruling, refrained from introducing any evidence as to the original transaction out of which the guaranty in question arose.

In Kank. & Ill. River R. R. Co. v. Chester, 62 Ill., 235, it was claimed on appeal that damages in a condemnation case should have been assessed separately on two separate tracts composing one farm. The court say (p. 236): "It is not a question affecting the jurisdiction of the subject matter, and, aside from such questions, it is a rule of general application in courts of law, that if a party acquiesce in the mode of conducting a cause by his adversary, by failing to object and except in apt time, then whether the question pertain to the introduction of evidence, the measure of damages, or instructions of the court to the jury, he will be precluded from raising it in the Appellate Court." See also Selby v. Hutchinson, Admr., 4 Gilm. 319.

Upon the question of consideration we think the guaranty shows a consideration on its face in the words "For value received." This, at least, is *prima facie* evidence of a valuable consideration "and the necessity of controlling it is devolved on the defendant." 2 Greenleaf on Ev. (16 Ed.), Sec. 105. But whether this guaranty, upon its face, imparts a consideration, is unnecessary for us to decide; for the testimony of the witness Johnson and the witness Thompson, in connection with the testimony of appellant, abundantly proves an adequate consideration. From the testimony of these witnesses it appears without substantial controversy that appellant was a guarantor upon a promissory note for $2,500 which matured on November 10, 1902, made by the Delaney Stone Company and held by appellee. This note was not paid. Appellee demanded payment of appellant and at appellant's request for more time the papers as shown in evidence were prepared and signed and delivered. It mat-

ters not that the note was executed on November 10, 1902. It was not accepted by appellee in payment of the note maturing on that date until the guaranty in question was executed and delivered. The note and guaranty were then accepted by appellee and the note and guaranty then held by appellee were cancelled and the note was returned to the stone company. This formed a good consideration for the guaranty sued on. The papers were one transaction and the consideration of the note was the consideration for the guaranty.

It is urged by appellant that incompetent evidence was admitted in rebuttal "to the effect that the note of November 10, 1902, was given in payment of a prior note of $2,500 endorsed by the defendant, and that the prior note was not cancelled or delivered up until after the guaranty of December 9, 1902, had been signed and delivered to the plaintiff" without the production of the prior note and putting it in evidence. We find no reversible error in admitting this evidence. Johnson had testified regarding the prior note and the guaranty of appellant thereon, and the arrangement for an extension of time, and the form of the papers, without objection. There was no basis for the objection, upon the ground that the former note was not produced.

We are of opinion that there is no reversible error in the record, and the judgment of the Superior Court is affirmed.

*Affirmed.*