HOME SAVINGS BANK, APPELLANT, v. A. C. SHALLENBERGER, APPELLEE.

FILED OCTOBER 22, 1908.   No. 15,286.

1. **Guaranty:** CONSIDERATION. The extension of time of payment to a principal debtor is a sufficient consideration to support a new contract of guaranty made after the date of the renewal of such obligation, especially when the guarantor at the time of making such guaranty is still liable as guarantor for the payment of the debt renewed.

2. **Subrogation.** A third party guaranteeing payment to the payee of a promissory note is not entitled, upon payment of such note by him, to have the same delivered with a guaranty of the payee made to any indorsee of the note intact.

APPEAL from the district court for Harlan county: ED L. ADAMS, JUDGE. *Reversed.*

*W. S. Morlan,* for appellant.

*J. G. Thompson* and *Flansburg & Williams, contra.*

CALKINS, C.

This is an action upon the written guaranty by the defendant of a promissory note secured by chattel mortgage, of which one Summers was the maker and the Shelly-Rogers Company was the payee. The note was executed in renewal of one made to and guaranteed by the same parties, which became due on or before December 16, 1902. On the latter date Summers executed the note in question; and on December 20 the Shelly-Rogers Company indorsed the same to the plaintiff, agreeing that the defendant should guarantee the payment thereof. On the 30th day of December the defendant, who was absent from the state, executed upon a separate paper a guaranty in the words and figures following: "I hereby waive protest and guarantee payment of a note of $830.05 of date December 16, '02, due June 14, 1903, signed by W. P. Summers in favor of Shelly-Rogers Co. Signed this 30th day of December, 1902. A. C. Shallenberger." This guaranty was mailed by defendant to the Shelly-Rogers Company, who, in compliance with the agreement mentioned, delivered it to the plaintiff, who attached it to the note described therein. When the note matured, the maker having failed to pay the same, plaintiff demanded payment of defendant, who on July 18, 1903, sent to plaintiff a draft for the amount due thereon, with the request that the plaintiff forward to him the note uncanceled, together with the mortgage securing the same. Upon receipt of

this draft plaintiff forwarded the note and mortgage to defendant, first canceling the indorsement of the Shelly-Rogers Company. The defendant stopped payment of this draft, giving as a reason in a letter written by him on July 20 that he had since the transmission of said draft on July 18 discovered that the plaintiff had failed to protect the chattel mortgage securing the same, which had been lost through its neglect. The plaintiff thereupon brought this action, which resulted in a judgment for the defendant, from which the plaintiff appeals.

1. It is contended by the defendant that the contract of guaranty, being executed after the renewal note, required a new and independent consideration, for want of which it is void. This defense wholly depends upon the assumption that the defendant at the time he executed the guaranty had been released from liability upon his former guaranty by the unauthorized act of the Shelly-Rogers Company in renewing such note. It is urged on the part of the plaintiff (1) that such extension was expressly authorized; (2) that the guaranty was executed in fulfilment of a previous verbal promise; and (3) that a contract of guaranty executed after the date of the principal obligation is supported by the original consideration. As we deem the assumption above referred to unfounded, we shall consider none of these questions. It is not denied that prior to the 16th day of December the defendant was liable to the Shelly-Rogers Company upon his guaranty of the note in renewal of which the note in question was executed. It appears that, as between the Shelly-Rogers Company and the plaintiff, the discounting of the note was conditioned upon the Shelly-Rogers Company supplying the guaranty of defendant. Whether, as between the Shelly-Rogers Company and Summers, the maker of the note, the acceptance of the renewal note was also conditional upon the making of the guaranty by the defendant is not shown. It is clear that, as between the plaintiff and the Shelly-Rogers Company, the plaintiff would have had the right to cancel the transaction in case the

latter had failed to procure the defendant's guaranty. There is nothing in the fact of the conditional discounting of the renewal note from which it can be inferred that it had been unconditionally accepted from the maker Summers; and, in the absence of some proof that the note and the guaranty upon which it is conceded defendant was liable had been surrendered, it cannot be said that there was no present consideration for the signing of the guaranty at the time it was executed. If at that date the defendant was liable upon his guaranty of the matured note, there was a present consideration for the execution of such guaranty. There is nothing to show that, if the defendant had declined to execute the guaranty in suit and offered to take up the matured note, the Shelly-Rogers Company was not in condition to surrender him the Summers note and the mortgage securing the same upon such payment, nor that it might not have maintained an action against him upon his guaranty of the matured note had he refused to pay the same or to execute the guaranty of the renewal note. It is elementary that the extension of time to a principal debtor is a sufficient consideration to support a guaranty by a stranger for the payment of a new obligation (*Faulkner v. Gilbert,* 57 Neb. 544), and the fact that the guarantor is not a stranger to the obligation renewed, but is himself liable for the payment thereof, does not alter the rule.

2. The defendant's answer sets up that the Shelly-Rogers Company agreed with the defendant that it would keep the note in question secured by a chattel mortgage in conformity with the laws of the state of Colorado, but that the mortgage taken did not comply with such laws, and that in consequence the security was lost. This was denied by the reply, and, no proof being offered sufficient to support the allegation, this defense is not now urged in defendant's brief. It is, however, insisted that the defendant was, upon the payment of the note, entitled to have the same delivered to him with the indorsements thereon, and that the erasure of the guaranty made by the Shelly-

Rogers Company when it indorsed the note to the plaintiff was a breach of the duty owed by plaintiff to defendant. The defendant fails to point out what interest he had in this indorsement, or any circumstances under which he might have maintained an action against the Shelly-Rogers Company upon the same. As between the defendant and the Shelly-Rogers Company, the defendant was primarily liable, and could have made no claim against said company upon an indorsement which it had made to a third party. He was not, therefore, entitled to have the note with this indorsement upon it; and of the fact that it was canceled when returned to him he cannot complain.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with this opinion.

FAWCETT, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial in accordance therewith.

REVERSED.