[Civ. No. 2228.  Second Appellate District.—April 27, 1917.]

## GEORGE J. SHOENHAIR, Respondent, v. S. A. T. JONES, Appellant.

PROMISSORY NOTE—TRANSFER—WRITTEN INDORSEMENT NOT ESSENTIAL. A formal indorsement or assignment in writing is not necessary to the transfer of a promissory note.

ID.—CONSIDERATION—SURRENDER OF PRIOR UNPAID NOTE.—The surrender of an unpaid promissory note is sufficient consideration for the making of a new note.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Shepard & Alm, for Appellant.

Hanson, Hackler & Heath, for Respondent.

JAMES, J.—The suit was on a promissory note executed by the defendant to the plaintiff. The appeal is from the judgment entered in favor of the plaintiff, and is presented on the judgment-roll and a brief bill of exceptions. The only point argued in the briefs is that raised by the appellant, who insists that the evidence was insufficient to support the finding of the superior court as to any consideration having been rendered to the defendant in exchange for the making of the instrument sued upon. This defendant originally made her note payable to two persons named Gardner and Cowan, who assigned the same to Clara Wherry without recourse. Clara Wherry died, and this first note appeared in the hands of plaintiff who, after negotiation with the defendant, accepted the note here sued upon in lieu of the note made at the prior time, and surrendered the former note. The point in appellant's argument arises wholly upon the construction to be given to testimony furnished by the plaintiff. The plaintiff first testified that he was "the owner and holder of the note," and as to the amount which had been paid thereon, and that the note was made in consideration of the surrender of the prior note as before mentioned. He then, identifying that prior note which was shown to him, testified as follows: "That is the note which I surrendered to the defendant in this action in consideration of the execution and delivery of the note set forth in the complaint. At the time of the execution and delivery of the note set forth in the complaint Mrs. Clara Wherry was dead. . . . The estate of Clara Wherry was never probated and no executor or administrator of her estate was ever appointed. Mrs. Wherry gave me the note for $400 before she died, but she never indorsed or assigned the same to me. As a matter of fact the note had been in my possession during all the time that Mrs. Wherry owned the same, and I was her agent, and held it as such. When Mrs. Wherry died I sent the note for $400 and the mortgage given to secure it to her relatives in the east; they sent it back to me." We think the court was justified in inferring from this testi-

mony that title to the note was regularly acquired by the plaintiff from Mrs. Wherry. It was not necessary that there should have been a formal indorsement or assignment executed in writing. (1 Daniel on Negotiable Instruments, sec. 28 (last paragraph); Ogden on Negotiable Instruments, p. 98; *Humboldt Mill. Co.* v. *Northwestern Pac. R. Co.*, 166 Cal. 175, 181, [135 Pac. 503].) Assuming, as we think was properly decided, that the plaintiff was the legal owner and holder of the first note, it will not be necessary to cite authority to such an elementary proposition that the surrender of that note, which had not been paid, furnished full consideration for the making of the obligation here sued upon.

The judgment is affirmed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1917.