[L. A. No. 4796. Department One.—February 13, 1919.]

## GEORGE T. MAHANA et al., Appellants, v. KATHARINE VAN ALSTYNE, Respondent.

PROMISSORY NOTE—CONSIDERATION—CANCELLATION OF PREVIOUS NOTE AND DEED OF TRUST.—Where a husband and wife executed a promissory note for a personal debt of the husband, secured by a deed of trust upon separate property of the wife, which note and deed of trust were canceled, upon discovery that the principal sum was incorrect, and a new note and deed of trust were executed in lieu thereof, the note being payable two years from date, and thereafter, at the request of the makers, the latter note and deed of trust were canceled and returned, in consideration whereof an unsecured note was executed by the wife, the extension of time and surrender of the former note and deed of trust constituted a valuable consideration for the last note.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

Duke Stone, for Appellants.

Andrew J. Copp, Jr., for Respondent.

SHAW, J.—The plaintiffs sued the defendant to recover judgment upon a promissory note executed by defendant to

plaintiffs on April 17, 1915, for two thousand five hundred dollars, payable July 1, 1915. The defendant in answer admitted the execution and nonpayment of the note, but alleged, in effect, that the same was executed without any valuable consideration.

The facts stated in the findings and shown by the uncontradicted evidence are as follows: Katharine Van Alstyne and Guy Van Alstyne were husband and wife. On July 31, 1914, said Guy Van Alstyne and the defendant executed a note to the plaintiffs for five thousand dollars and a deed of trust upon certain land which was the separate property of the defendant, as security therefor. Said note was given for the personal debt of Guy Van Alstyne to the plaintiffs. Thereafter it was discovered that the note was not for the correct amount and an accounting was had between Guy Van Alstyne and the plaintiffs, whereby it was ascertained that his debt to them was only $4,174. Thereupon, on November 5, 1914, the first note and deed of trust were canceled and Guy Van Alstyne and the defendant executed to plaintiff a new note for $4,174, and a new deed of trust on the same real property to secure said new note. This note was made payable two years after said date. Thereafter, on April 17, 1915, the plaintiffs, at the request of defendant, canceled and returned to the defendant said note and deed of trust of November 5, 1914, in consideration whereof the defendant executed to plaintiffs the note for two thousand five hundred dollars herein sued on. There was no consideration for this note other than that disclosed by the foregoing facts. The court below decided that said note was only collateral security for the previous debt of' the defendant's husband and was not supported by any consideration. Judgment was given for the defendant and the plaintiffs appeal.

The facts stated do not support the conclusion that the note was without consideration. The conclusions of law and the judgment were erroneous. There was a valuable consideration for the original note for five thousand dollars to the extent of the debt due from Van Alstyne to the plaintiffs at the time it was executed. The new note for $4,174, executed on November 5, 1914, and made payable two years after said date was given in consideration of the cancellation of the old note and deed of trust. It was therefore supported by a valuable consideration. The plaintiffs surrendered the old note for

five thousand dollars and accepted the new note of the parties, maturing two years from that date.

This extension of time and this surrender of the former note and deed constituted a valuable consideration. (*Whelan* v. *Swain,* 132 Cal. 389, [64 Pac. 560].) It was both a benefit to the defendants and a detriment to the plaintiffs. As to the two thousand five hundred dollar note it appears that the defendant desired to sell her property but could not do so with the outstanding deed of trust thereon; that she requested the plaintiffs to assist her in the matter and they thereupon agreed to take her unsecured note for two thousand five hundred dollars in consideration of their release of the previous note and of the deed of trust given to secure the same. The fact that the original note was given for the debt of Guy Van Alstyne and that at no time was there any new consideration running to him other than the several renewals and cancellations, does not aid the defendant. The giving up of the deed of trust and the old note, which were at that time valid obligations, was a sufficient consideration for the note of two thousand five hundred dollars sued on. The judgment should have been for the plaintiffs.

The judgment is reversed.

Sloss, J., and Lawlor, J., concurred.