[No. 15113. *En Banc.* May 9, 1919.]

Jovo TOMANOVICH, *Respondent*, v. J. T. CASEY,
*Appellant*, S. K. BUYER et al., *Defendants*.[1]

GUARANTY (5)—CONSIDERATION—SUFFICIENCY. There is sufficient
consideration for the guaranty of a promissory note, made five days
after its execution, where the note, given in part payment of a
debt, was not accepted and did not take effect until after the
guaranty; since there was a detriment to the promisee and a benefit
to the promisor in extending the time for payment and release of
one of the debtors.

BILLS AND NOTES (142)—PAYMENT—EVIDENCE—SUFFICIENCY. Find-
ings that payments were not made upon a note are sustained where
the evidence was conflicting, the payments were known at the time
of a renewal, and were not deducted or credited when the renewal
note was given.

APPEAL (253)—RECORD—MOTIONS AND ORDER. Error cannot be as-
signed on the discharge of a writ of garnishment after an appeal
had been perfected, where the record on appeal showed nothing
further than the journal entry that the motion to dismiss the
garnishment had been submitted and denied.

Appeal from a judgment of the superior court for
King county, French, J., entered February 7, 1918,
upon findings in favor of the plaintiff, in an action
upon contract, tried to the court. Affirmed.

*W. G. McLaren* and *C. J. Smith,* for appellant.

*Stanley J. Padden,* for respondent.

PER CURIAM.—The respondent sued the appellant to
recover against him as guarantor of a promissory
note. The appellant defended on the ground of want
of consideration for the guaranty. The history of the
case disclosed that the respondent is a foreigner, un-
able to read or speak the English language. The ap-
pellant is an attorney, practicing his profession at
Seattle, Washington. Some time prior to the occur-

[1]Reported in 180 Pac. 919.

rence which gave rise to the controversy, the appellant had conducted, successfully and satisfactorily to the respondent, certain litigation in which the respondent was a party, his conduct being such as to give the respondent great confidence in his honesty and reliability. Shortly after the conclusion of the litigation, the defendant Buyer and one A. P. Casey, the appellant's brother, sought to borrow of the respondent the sum of $500. The respondent consented to make the loan, so he testifies, if it should meet with the approval of the appellant; while the appellant testifies that the loan was made prior to the time he was consulted and that all he was asked to pass upon was the legal sufficiency of the note given to evidence the loan. But whatever the fact with regard to this may be, it is clear from the evidence that the respondent did not turn over the money to the borrowers until after he had consulted the appellant; since the appellant himself testifies that the respondent brought the money to his office and turned it over after he had given his opinion concerning the note. The note was drawn payable sixty days after date, and bore interest at the rate of ten per cent per annum. At the due period of the note, the respondent brought the note to the appellant's office for payment. As to what occurred at this meeting, the parties are again at variance in their testimony; the respondent testifying that the appellant told him that his brother was unable to pay the note at that time and wished a thirty-day extension, which he granted. The appellant says that the respondent had arranged for an extension with Buyer, one of the makers of the note, and that his part in the transaction was to change the note from one payable in sixty days to a note payable in ninety days. At the end of this period, the respondent again

brought the note to the appellant. Here again the evidence is at variance as to what occurred. The result of the conference was, however, that the appellant gave the respondent a check for thirty dollars and a new note signed by Buyer alone for the face of the old one, retaining the old note in his possession. The respondent testifies that he thought the note was a check for its payment and did not discover the mistake until he took it to the bank on which the thirty-dollar check was drawn, where he learned its true import. On the advice of the bank officers, he took the note to another attorney who in turn took the matter up with the appellant. After some negotiation, the appellant offered to guarantee the payment of the note. This was satisfactory to the respondent, who then procured the note from the attorney and brought it to the appellant, who indorsed on it the following: "I guarantee that the within note will be paid within six months. John T. Casey."

The guaranty was made some five days after the execution of the note by Buyer, and it is on this fact that the appellant based his claim of want of consideration. The trial court denied the claim, and entered judgment against the appellant.

Undoubtedly, as the appellant contends, it is the rule of law that it is essential to a valid contract of guaranty that there be a sufficient legal consideration; that, if there is not to be found in the contract either a benefit to the principal debtor or to the guarantor on the one hand, or some detriment to the guarantee on the other, the contract will fail for want of consideration; and that the mere naked promise to pay the existing debt of another, without any consideration, is *nudum pactum* and void. But we cannot agree with his further contention that there was here no consid-

eration for his contract of guaranty, within the terms of the rule of law as stated. A contract of guaranty is not void from the mere fact that the execution of the note and the contract are not contemporaneous. It is enough, no matter what time may intervene between these transactions, if the guaranty is actually made before the note takes effect as a contract and the guaranty is a part of the consideration for its taking effect. Such, we are clear, was the situation in this instance. Whatever may have been the appellant's understanding of the transaction, it is plain that the respondent, when he surrendered the due note and accepted the note in suit and took it from the appellant's office, did not understand its purport and effect. This is evidenced by the fact that he repudiated the transaction when its true nature was made plain to him, and by the fact that he refused to recognize it as a settlement of the existing obligation until after the appellant had guaranteed its payment. There was, therefore, no meeting of minds with regard to the new note until the time of the contract of guaranty, and the note did not take effect as a contract until that time. Within this view of the facts, there was plainly a consideration for the contract of guaranty; there was a benefit to one of the principal debtors in that his obligation to pay was postponed, and a benefit to the other in that he was relieved entirely from the obligation; there was also a detriment to the creditor in that he postponed the due note of the obligation and consented to the release of one of his debtors.

A contention is made that all of the payments made upon the note were not credited in the judgment entered by the trial court. The appellant claims there was sixty dollars paid which was not so credited. We

find the evidence on this point very confusing. It is probable that a sum was paid at the time of the extension of the original note, and thirty dollars was paid at the time of the renewal. The latter sum would overpay the accumulated interest due at the time of the renewal, but the interest rate was reduced at the time of the renewal from ten to eight per cent, and the attorney's fee agreed to be paid in case of a suit or action on the note was changed from a reasonable sum to a fixed sum of ten dollars, and it could be that the overpayments of interest were to accommodate these changes. But, however this may be, the fact remains that the sums claimed to have been paid were paid in part prior to the execution of the renewal note, and in part at that time; that the appellant had charge of the negotiations leading up to the renewal and knew then of the payments; and that he did not either deduct the overpayments from the face of the note or credit the amounts on the back thereof. Under these circumstances, we think the trial court was justified in concluding that there were no payments on the note in suit, and we shall not disturb its judgment.

The appellant states in his brief that, after the appeal was perfected and a supersedeas bond was filed and approved, he moved to discharge a writ of garnishment which had been sued out at the time of the commencement of the action, which motion the trial court refused to grant. Error is assigned on this ruling; but we are unable to find anything in the record showing these proceedings, save a copy of a journal entry reciting that, "Defendant Casey's motion to dismiss garnishment is returned from department 2, argued by counsel and submitted, and motion denied." If the ruling of the court on the matter is reviewable in this court under any condition of the

record—a question we do not decide—it is manifest that it cannot be reviewed on the showing made.

The judgment is affirmed.