[Civ. No. 3139.  Second Appellate District, Division One.—August 3, 1921.]

CITIZENS TRUST AND SAVINGS BANK (a Corporation), Respondent, v. W. J. BRYANT, Appellant.

[1] GUARANTY—CONSIDERATION—ONE TRANSACTION.—The fact that a contract of guaranty of a portion of a debt secured by a note and mortgage bears date subsequent to that of such note and mortgage does not constitute proof of want of consideration for such contract of guaranty, where the evidence shows that there was but one transaction and that the note and mortgage were not accepted, nor the money loaned, until such guaranty was furnished.

[2] ID.—GUARANTY OF DEBT SECURED BY MORTGAGE—DEFAULT—ACTION ON GUARANTY WITHOUT EXHAUSTING SECURITY. — Where the guarantor, under a contract of guaranty of a portion of a debt secured by a note and mortgage, expressly agrees that his liability under the guaranty contract shall become immediately due and payable to the creditor upon the happening of any default in the terms of said note, and that his liability shall in nowise be contingent upon the exercise of the rights of the creditor as mortgagee under said mortgage, the creditor is entitled to enforce the obligation of the guaranty immediately upon the default of the principal debtor and without notice to the guarantor, and is under no requirement to exhaust the mortgage security as a condition to suit.

APPEAL from a judgment of the Superior Court of Los Angeles County.  J. P. Wood, Judge.  Affirmed.

The facts are stated in the opinion of the court.

A. G. Reily for Appellant.

Daniel M. Hunsaker and Hunsaker, Britt & Cosgrove for Respondent.

JAMES, J.—Appeal by the defendant from a judgment entered upon a complaint which asserted a claim for the principal sum of two thousand dollars alleged to have accrued on an instrument of guaranty.

[1] In the month of October, 1915, appellant, as the agent for George A. Bryant, negotiated with respondent for a loan of ten thousand dollars.  This loan was made and

a mortgage was given to the bank on real property owned by George A. Bryant. The note and mortgage bore date October 16, 1915. However, the respondent bank declined to make the loan on the note and security offered by George A. Bryant, but insisted as a condition to the making of the same that appellant guarantee payment of the debt to the extent of two thousand dollars. Appellant agreed to do this and executed the guaranty sued upon, which was dated the fifth day of November, 1915. It was after the execution of this contract by appellant that the bank paid over the money agreed to be loaned and accepted the several papers hereinbefore mentioned. One of the points made by appellant is that there was no sufficient consideration for the contract of guaranty and that the obligation thereof must fail because it was not entered into at the time of the loan transaction. This contention has not the semblance of any real facts upon which to found it, unless the mere difference in the date of the note and mortgage and that of the contract of guaranty affords such ground. Section 2792 of the Civil Code provides: ''Where a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee, and forms with that obligation a part of the consideration to him, no other consideration need exist.'' All of the evidence, including the terms of the contract of guaranty itself, shows conclusively that there was but one transaction and that the note and mortgage of George A. Bryant was not accepted by the bank until the guaranty was furnished.

[2] Appellant urges further that there could be no recovery on the guaranty contract until the mortgage security had been exhausted. The guaranty contract was an unconditional one. If the general terms in which it was first expressed left any doubt upon that question, the closing paragraph placed its character beyond the reach of debate. In that paragraph it was stated over appellant's signature: ''I hereby agree that my liability hereunder as to the sum of $2,000, shall become immediately due and payable to the Citizens Trust and Savings Bank upon the happening of any default in any of the terms of said note, whether said default be made by said George A. Bryant, his heirs or assigns, and that my liability as to $2,000, shall in nowise be contingent upon the exercise of rights of the Citizens

Trust and Savings Bank as mortgagee under said mortgage to said liability.'' The guaranty being unconditional and in nowise a mere contract of indemnity, respondent was entitled to enforce the obligation thereof immediately upon the default of the principal debtor and without notice to the guarantor, and was under no requirement to exhaust the mortgage security as a condition to suit. (Sec. 2807, Civ. Code; *Pierce* v. *Merrill,* 128 Cal. 464, [79 Am. St. Rep. 56, 61 Pac. 64]); *Adams* v. *Wallace,* 119 Cal. 67, [51 Pac. 14]; *Cooke* v. *Mesmer,* 164 Cal. 332, [128 Pac. 917].) At the time of the bringing of respondent's action the principal debtor was in default and the sum due from him was in excess of the amount of the guaranty. No other conditions were required to exist to entitle respondent to the judgment entered in its favor.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 29, 1921.

All the Justices concurred, except Shaw, J., who was absent.