[Civ. No. 8037. Second Appellate District, Division One.—November 13, 1934.]

HAMMOND LUMBER COMPANY (a Corporation), Respondent, v. J. M. DANZIGER, Defendant; EDITH WAKE DANZIGER, Appellant.

Holbrook, Taylor, Tarr & Horton for Respondent.

HAHN, J., *pro tem.*—Defendant Edith Wake Danziger appeals from a judgment rendered in favor of plaintiff and against defendants for the sum found due, in an action upon a contract of guaranty which reads as follows:

"Los Angeles, California,
"Date Feb. 9, 1925.

"For Value Received, the undersigned, jointly and severally, hereby guarantee due payment of any amounts owing or to be owing in the future to the Hammond Lumber Company by Olympic Auditorium, Inc. (on job 18th & Grand Ave.), and hereby agree that this guarantee may and shall be deemed and considered the obligation of the undersigned as an original debtor on any such account, and that in the event of any liability accruing under this guarantee, said Hammond Lumber Company shall not be required to first exhaust whatever remedies they have against the above-named debtor, and that the undersigned may be proceeded against in the nature of original and principal debtor thereon, jointly and severally, or jointly or severally with said above-named debtor. It is further agreed that this guarantee shall include interest at the legal rate of seven per cent (7%) from the due date of the account.

"Signature (Sgd) J. M. DANZIGER
"Wife's Signature
"(Sgd) EDITH WAKE DANZIGER."

It appears that the defendant, J. M. Danziger, as a stockholder of the corporation engaged in building the Olympic Auditorium in Los Angeles, was interested in having plaintiff company furnish certain building materials for the construction. Before consenting to do so, Edward Innis, plaintiff's credit man, informed defendant J. M. Danziger that the company would not furnish the desired material unless a written guaranty to pay for the materials, signed by him and his wife, was given to the company. To this demand Danziger agreed and, at his request, the desired agreement was prepared and forwarded to him on or about February 9, 1925, for execution by him and appellant, his wife.

On February 18th the guaranty bearing the signatures of both defendants was received by plaintiff. After Danziger's promise to furnish the guaranty, but before it was received

by it, plaintiff, relying upon Danziger's promise, delivered building materials of the value of $885. After receiving the signed guaranty, plaintiff delivered building materials of the value of $61,528.99. Payment of $5,584.65 was made on account, leaving a balance owing to the plaintiff without interest of $56,829.30. To recover this amount with interest this action was brought on the contract of guaranty.

Appellant urges a reversal of the judgment on the following grounds:

(1) That her separate property should not be held liable under a contract of guaranty signed by her as a wife, to secure the payment of corporate indebtedness in which corporation she had no interest except indirectly a community interest in stock owned by her husband.

(2) That the testimony of the wife should have been admitted as to her understanding in signing the guaranty on a line following the words "Wife's Signature".

(3) That the testimony as to conversations had with a husband not in the presence of the wife, should have been excluded as hearsay.

(4) That a guaranty signed by a wife is without consideration as to her and is not binding when shown not to be the basis for delivery of the goods, or on a contract existing at the time.

Appellant, having executed the contract of guaranty jointly and severally with her husband, is liable to the same extent as though she was a stranger to the other guarantor. Under the laws of California a married woman may contract as freely as though she were unmarried and her separate estate is liable for the fulfillment of her contracts. (Secs. 158 and 171, Civ. Code; *Alexander* v. *Bouton,* 55 Cal. 15.)

The words "wife's signature" which appear just above the signature of appellant on the contract of guaranty are of no significance so far as the legal effect of the document is concerned. Whether designated as "his wife" or not, appellant's liability under the contract is individual. (*McClintick* v. *Frame,* 98 Cal. App. 338 [276 Pac. 1033].)

The court did not err in excluding the testimony of appellant offered for the purpose of showing what her understanding was as to her liability when she signed the contract. It was stipulated by her counsel that no fraud was claimed in securing her signature to the guaranty. The

terms of the document are clear and unambiguous. Hence no oral testimony is necessary or competent to aid in determining its meaning or purpose. ■ Furthermore, as no officer or agent of plaintiff was present at the time of the signing of the document by appellant, any conversation at that time between appellant and her husband, or any other circumstance then occurring, would not be binding upon plaintiff. Any erroneous belief or interpretation of the legal effect of the document, in no way induced by plaintiff's officers or agents, would be incompetent and immaterial on the issue here involved. (*Stafford* v. *Hill,* 53 Cal. App. 337 [200 Pac. 33].)

■ Nor is there merit in appellant's next point that the court erred in permitting witness Edward Innis, credit man for plaintiff, to testify as to a conversation he had with defendant J. M. Danziger, not in the presence of appellant, in which he informed Danziger that plaintiff company would not furnish the materials as requested without the written contract of guaranty signed by both him and his wife. This conversation was a part of the transaction wherein plaintiff agreed to and did furnish the materials. It had no bearing upon the manner or circumstances attending the execution of the contract by appellant. It went to the point of showing the detriment suffered by plaintiff in consideration of the execution of the guaranty.

■ Appellant's last point, that there was no consideration moving to appellant for her execution of the guaranty, and therefore the contract is not binding upon her, cannot be sustained. The court found, upon abundant evidence, that the guaranty was executed and delivered as a part of the transaction whereby plaintiff agreed to and did sell and deliver the building materials. This under our code (sec. 2792, Civ. Code) is all the consideration necessary to bind the guarantors. (*Stafford* v. *Hill, supra; Howland* v. *Aitch,* 38 Cal. 133; *Citizens Trust & Savings Bank* v. *Bryant,* 53 Cal. App. 735 [200 Pac. 823]; *Drovers Nat. Bank* v. *Browne,* 88 Cal. App. 716 [264 Pac. 265].) The detriment to plaintiff in delivering the material is ample consideration for the guaranty. (*Westphal* v. *Nevills,* 92 Cal. 545 [28 Pac. 678].)

For the reasons indicated, the judgment is affirmed.

Conrey, P. J., and York, J., concurred.